IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALLIE TRUESDALE**<br>720 Wood Duck Court<br>Middletown, DE 19709<br><br>*Plaintiff,*<br><br>vs.<br><br>**ALBERT EINSTEIN HEALTHCARE NETWORK** *d/b/a* **Einstein Medical Center**<br>5501 Old York Road<br>Philadelphia, PA 19141<br>   -and-<br>**THOMAS JEFFERSON UNIVERSITY** *d/b/a* **Jefferson Health**<br>1101 Market Street<br>Philadelphia, PA 19107<br><br>*Defendants.* | CIVIL ACTION<br><br>NO. _____<br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Allie Truesdale (*hereinafter* referred to as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Einstein Healthcare Network d/b/a Einstein Medical Center and Thomas Jefferson University d/b/a Jefferson Health (*hereinafter* collectively referred to as "Defendants") of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Pennsylvania Human Relations Act ("PHRA"), and the Philadelphia Fair Practices Ordinance ("PFPO").[1]  Plaintiff was unlawfully terminated by

---

[1] Plaintiff's claims under the PHRA and PFPO are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file her lawsuit in

Defendants after Defendants failed to accommodate her, and she suffered damages more fully described/sought herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving right-to-sue letters from the EEOC.

---

advance of same because of the date of issuance of her federal right-to-sue-letters under the ADA. Plaintiff's PHRA and PFPO claims however will mirror identically her federal claims under the ADA.

## PARTIES

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who resides at the above-captioned address.

8. Albert Einstein Healthcare Network *d/b/a* Einstein Medical Center (*hereinafter* "Defendant Einstein") manages a network of hospitals, clinics, and physicians. Defendant Einstein has an address as set forth in the above-caption.

9. Thomas Jefferson University a/k/a Jefferson Health (*hereinafter* "Defendant Jefferson") manages a network of hospitals, clinics, and physicians with an address as set forth in the above caption.

10. Defendant Jefferson merged with and/or acquired Defendant Einstein in late 2021.[2]

11. Upon information and belief, at the time of Plaintiff's termination, the above entities (s*ee* Paragraphs 8-9), were run as a joint operation and enterprise with employees moving from one entity to another, sharing facilities, with operations being conducted as if a single enterprise. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they made be treated as a single and/or joint employer for purposes of the instant action.

12. At all times relevant herein, Defendants acted through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

---

[2] https://hospitals.jefferson.edu/news/2021/10/einstein-healthcare-network-has-joined-jefferson-health.html#:~:text=PHILADELPHIA%20%E2%80%94%20Jefferson%20Health%20and%20Einstein,care%20forward%20throughout%20Greater%20Philadelphia.

**FACTUAL BACKGROUND**

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. In or about late 2016, Plaintiff was hired by Defendants as an Emergency Room Registered Nurse ("RN").

15. Plaintiff was considered to be an excellent employee throughout her career; and while working for Defendants.

16. At all relevant times during her employment with Defendants, Plaintiff suffered from and continues to suffer from serious health conditions, including but not limited to an idiopathic blood-clotting disorder (and other complications), hypercoagulable state, immunodeficiencies, chronic rhinosinusitis, and is required to utilize immune modifying medications.

17. As a result of her aforesaid health conditions, Plaintiff experiences blood clotting, nasal obstruction, and facial pain/pressure, which (at times) limits her ability to perform some daily life activities, including but not limited to immune system function, blood flow function, lifting, carrying, standing, and working (among other daily life activities).

18. Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the duties of her job well with Defendants; however, Plaintiff did (at times) require some reasonable accommodations while employed with Defendants (as discussed *infra*).

19. In or about July 2021, Defendants announced they were implementing a "COVID-19 Vaccine Policy," which as a condition of continued employment with Defendants, required all employees to have one of the following before November 29, 2021: (1) one dose of the J&J Covid-19 vaccine; (2) both doses of the Moderna or Pfizer Covid-19 vaccines; or (3) an approved accommodation from receiving the Covid-19 vaccine.

20. Upon learning of this new policy, Plaintiff informed Defendants' management and Human Resources, including but not limited to, Emergency Flow Coordinator/Clinical Manager, Theresa DiFranco, BSN, RN, CEN (*hereinafter* "DiFranco"), Emergency Department Nurse Manager, Marshall Bowen, MSN, RN (*hereinafter* "Bowen"), Human Resources ("HR") Service Specialist, Mike Wilcox (*hereinafter* "Wilcox"), LiveWell Employee Health Representative, Pattie Gorman (*hereinafter* "Gorman"), and Director of HR, Lori Pisarski (*hereinafter* "Pisarski") that she required reasonable medical accommodations in the form of a medical exemption to the COVID-19 vaccine mandate due to the clotting risk associated with the COVID-19 vaccine.

21. Two of Plaintiff's treating physicians, Donald M. Sesso, D.O. a specialist, and Glen D. Rosen, M.D. her primary care physician, have advised Plaintiff that she should not receive any COVID-19 vaccine due to her disabilities and severe medical conditions.

22. As a result, in or about August of 2021, Plaintiff submitted a medical exemption request letter to Defendants' Management.

23. On or about September 30, 2021, Defendants Management sent Plaintiff Medical Accommodation Request forms for her physician to complete.

24. On or about October 11, 2021, Plaintiff's Physician completed a Medical Certification for COVID-19 Vaccination Exemption, which listed Plaintiff's disabilities and severe medical conditions and specifically noted: "Pt had several blood clots of unknown origin. Seen by hematology persistent clots," and "Exempt from vaccine due to clotting risk and hypercoagulable state."

25. Plaintiff submitted this Medical Certification for COVID-19 Vaccination Exemption (a reasonable accommodation under the ADA) to Defendants shortly thereafter and continued to perform her job well for Defendants.

26. While Plaintiff was still awaiting a determination from Defendants on her aforesaid ADA accommodation/exemption request, she began undergoing twice-weekly at-home COVID-19 testing prior to coming into work for Defendants and continued to work for Defendants.

27. On November 1, 2021, Defendants emailed Plaintiff **denying** her request for a reasonable accommodation for her serious health conditions. without any explanation, and cited "multiple, unsuccessful attempts to contact" Plaintiff's physician as the basis for the denial.

28. That Defendants were not able to contact Plaintiff's physician was patently false, as Defendants had been able to contact Plaintiff's physician, and in fact *did contact him* (as Defendants later admitted in response to Plaintiff's grievance as discussed *infra*).

29. In either event, Defendants completely and utterly failed to engage in the interactive process with Plaintiff, to: (1) inform her Defendants allegedly could not make contact with her physician to attempt to have Plaintiff assist in the contact; (2) ask Plaintiff herself for additional information or for additional medical records or medical forms as necessary to make a determination regarding her request for a reasonable accommodation; and/or (3) by investigating whether there were any *other* reasonable accommodations Defendants could have made for Plaintiff.

30. After this baseless denial of her reasonable accommodation request, Plaintiff followed union grievance procedures and grieved Defendants' decision to deny her the reasonable accommodation request.

31. On November 22, 2021, a First Step Grievance meeting was held via telephone with Defendants' Management and Human Resources as well as Plaintiff and her union representative.

32. During this meeting, Defendants' Management and Human Resources were rude

and cold towards Plaintiff, and when Plaintiff's union representative inquired into whether there were any other options for Plaintiff (beyond getting the Covid-19 vaccine which her doctors advised her not to take due to her severe medical conditions) because he was aware Defendants had made exemptions for other employees, Pisarski (Defendants' Director of HR) responded by stating: "Allie's choice is either get the vaccine, or that's it."

33. On or about November 24, 2021, Pisarski wrote a letter to Plaintiff, denying her grievance, and demanded Plaintiff receive her first Covid-19 vaccination dose by November 29, 2021.

34. This denial of her grievance came again after a total failure to engage in the interactive process or any attempt to work with Plaintiff regarding any other potential accommodation Defendants could have offered Plaintiff.

35. Plaintiff would have agreed to continue to get twice weekly testing as she had prior to her termination (or more frequent testing if requested by Defendants), wear masks and other PPE, or any other precautionary measure as requested **if Defendants had given her the opportunity or benefit of the interactive process as is required under the ADA**.

36. Defendants did not engage in the interactive process and thereafter, on or about November 30, 2021, Defendants terminated Plaintiff's employment.

37. Upon information and belief, following Plaintiff's termination, in or about December of 2021, Defendants began deferring enforcement of the Covid-19 vaccine mandate for employees. Nonetheless, Plaintiff was not returned to work or reinstated into her position at Defendants.

**COUNT I**
**Violations of the Americans with Disabilities Act, as Amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination;**
**[2] Retaliation; and [3] Failure to Accommodate)**

**-Against All Defendants-**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including but not limited to immune system function, blood flow function, lifting, carrying, standing, and working (among other daily life activities).

40. Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants; however, Plaintiff did require reasonable medical accommodations at times.

41. Plaintiff requested reasonable accommodations from Defendants, including but not limited to an exemption from a COVID-19 vaccine mandate, and submitted to Defendants a Medical Accommodation Request form completed by her treating physician.

42. Plaintiff kept Defendants' management informed of her serious medical conditions and need for accommodations.

43. Defendants denied her request for a reasonable accommodation without providing any legitimate reason as to why or engaging in the interactive process as required under the ADA.

44. Plaintiff was terminated on or about November 30, 2021, for failing to comply with Defendants COVID-19 vaccine mandate, because of her serious health conditions.

45. Upon information and belief, shortly thereafter in or about December of 2021, Defendants deferred implantation of the Covid-19 vaccine mandate for current employees yet did not reinstate Plaintiff or call her back to work.

46. Plaintiff believes and therefore avers she was terminated (1) because of her serious health conditions; (2) in retaliation for requesting a reasonable medical accommodation; and (3) Defendants complete and utter failure to accommodate Plaintiff by failing to engage in any interactive process to determine whether they could accommodate her (set forth *supra*).

47. Plaintiff further believes and therefore avers that Defendants discriminatorily and retaliatorily failed to reinstate Plaintiff's employment with Defendants even after it began deferring implementation of its Covid-19 vaccine mandate following Plaintiff's termination.

48. These actions as aforesaid constitute violations of the ADA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.    Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F.    Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
Allison A. Barker, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 25, 2022

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Allie Truesdale : CIVIL ACTION
   v. :
:
Albert Einstein Healthcare Network d/b/a Einstein Medical Center, et al.    NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 4/25/2022 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 720 Wood Duck Court, Middletown, DE 19709

Address of Defendant: 5501 Old York Road, Philadelphia, PA 19141; 1101 Market Street, Philadelphia, PA 19107

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/25/2022   _____ (signature)   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
[ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
[ ] 2. FELA
[ ] 3. Jones Act-Personal Injury
[ ] 4. Antitrust
[ ] 5. Patent
[ ] 6. Labor-Management Relations
[X] 7. Civil Rights
[ ] 8. Habeas Corpus
[ ] 9. Securities Act(s) Cases
[ ] 10. Social Security Review Cases
[ ] 11. All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
[ ] 1. Insurance Contract and Other Contracts
[ ] 2. Airplane Personal Injury
[ ] 3. Assault, Defamation
[ ] 4. Marine Personal Injury
[ ] 5. Motor Vehicle Personal Injury
[ ] 6. Other Personal Injury *(Please specify):* _____
[ ] 7. Products Liability
[ ] 8. Products Liability – Asbestos
[ ] 9. All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/25/2022   _____ (signature)   ARK2484 / 91538
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
TRUESDALE, ALLIE

**(b)** County of Residence of First Listed Plaintiff: New Castle
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
ALBERT EINSTEIN HEALTHCARE NETWORK D/B/A EINSTEIN MEDICAL CENTER, ET AL.

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | 385 Property Damage Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | 790 Other Labor Litigation | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/Accommodations | 530 General | | | |
| 245 Tort Product Liability | [X] 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** 540 Mandamus & Other | 462 Naturalization Application | | |
| | 448 Education | 550 Civil Rights / 555 Prison Condition / 560 Civil Detainee - Conditions of Confinement | 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101)

Brief description of cause:
Violations of the ADA, PHRA and the PFPO.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/25/2022
SIGNATURE OF ATTORNEY OF RECORD: *(signed)*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print] [Save As...] [Reset]